## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 4:20-cv-10138-KMM

GABRIEL GARCIA-SOLAR,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## **ORDER**

THIS CAUSE came before the Court upon Movant Gabriel Garcia-Solar's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ("Mot.") (ECF No. 1). Respondent filed a Response. ("Resp.") (ECF No. 4). Movant filed a Reply. (ECF No. 6). The Court entered an Order (1) denying Movant's Motion to Vacate in part as to his claim that his counsel was ineffective by failing to object to a sentencing enhancement, his second ground for relief, and (2) referring the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to conduct an evidentiary hearing and to issue a report and recommendation on Movant's claim that his counsel was ineffective with respect to discussing the possibility of a plea, his first ground for relief. *See generally* (ECF No. 7). Magistrate Judge Louis held an evidentiary hearing on October 12, 2021, (ECF No. 28), and, on October 25, 2021, issued a Report and Recommendation recommending that Movant's Motion be denied. ("R&R") (ECF No. 29). Movant filed objections. ("Objs.") (ECF No. 32). The Government failed to file a response to Movant's objections, and the time to do so has passed. The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

## I.      BACKGROUND[1]

On November 17, 2016, a federal grand jury sitting in the Southern District of Florida returned an Indictment charging Movant and several co-defendants with: (1) conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1), (Count 1); and (2) possession with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(a) (Count 2).  *See generally* ("Indict.") (CR-ECF No. 33).[2]  The case proceeded to trial where, on July 15, 2017, a jury in Miami, Florida returned a verdict finding Movant guilty of both Counts charged in the Indictment.  (CR-ECF No. 215).

On September 26, 2017, the Court sentenced Movant to 300 months' imprisonment as to Counts 1 and 2, to run concurrently, to be followed by five (5) years of supervised release.  (ECF Nos. 261, 268).  This sentence was within the guideline sentencing range of 292 to 365 months' imprisonment.  (ECF No. 311) at 22.  On September 27, 2017, the Court entered judgment.  (CR-ECF No. 268).  On October 3, 2017, Movant appealed his conviction and sentence.  (CR-ECF No. 274).  On May 22, 2019, the Eleventh Circuit issued an opinion affirming Movant's conviction and sentence.  (CR-ECF No. 356) at 3, 31; *see also United States v. Garcia-Solar*, 775 F. App'x 523 (11th Cir. 2019).  And, on March 25, 2020, the United States Supreme Court denied Movant's petition for a writ of certiorari.  (CR-ECF No. 368).

Movant initiated these proceedings on November 19, 2020 when he filed the instant Motion

---

[1]  The Court assumes familiarity with the factual background of this case, which is recounted in *United States v. Garcia-Solar*, 775 F. App'x 523 (11th Cir. 2019).

[2]  References to the underlying criminal case, *United States v. Garcia-Solar et al.*, 4:16-cr-10042-KMM-1, are notated as "CR-ECF No. ___".

to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See generally* Mot. Movant's Motion raises two grounds for relief. First, Movant contends that his counsel was ineffective by failing to attempt to negotiate a plea deal with the Government. *Id.* at 4. Second, Movant contends that counsel ineffectively failed to "properly object" to the two-level sentencing guidelines enhancement for being a captain of the boat. *Id.* at 5.

On February 9, 2021, the Court denied Movant's Motion to Vacate in part as to his second ground for relief. *See generally* (ECF No. 7). The Court's Order referred Movant's Motion to Magistrate Judge Louis to hold an evidentiary hearing and to issue a report and recommendation on Movant's first ground for relief. *Id.* On October 12, 2021, after a series of COVID-19 related continuances, Magistrate Judge Louis held a more than two-hour-and-thirty-minute evidentiary hearing where testimony was heard from two witness: (1) Movant, and (2) Movant's counsel in his underlying criminal case, Assistant Federal Public Defender ("AFPD") Stewart Abrams, Esq.[3] (ECF No. 28).

On October 25, 2021, Magistrate Judge Louis issued the Report and Recommendation. *See generally* R&R. Therein, Magistrate Judge Louis found that Movant fails to demonstrate that **(1)** Mr. Abrams's representation was deficient, and **(2)** Movant was prejudiced by Mr. Abrams's alleged deficient representation. *See generally id.* Accordingly, Magistrate Judge Louis recommends that Movant's Motion to Vacate be denied as to his first ground for relief. *Id.* at 12.

Now, Movant objects to the findings of the Report and Recommendation. *See generally* Objs.

---

[3] On February 19, 2021, Magistrate Judge Louis appointed counsel to represent Movant for the purpose of the evidentiary hearing. (ECF No. 9); R&R at 3.

## II.      LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not

4

objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.   DISCUSSION

Movant objects to the Report and Recommendation in two respects.  First, Movant objects to the Report and Recommendation's findings on whether Movant was prejudiced by his counsel's allegedly deficient representation.  Second, Movant objects to the Report and Recommendation's findings as to the deficiency prong of *Strickland*.  The Court first reviews the standards applicable to Movant's first ground for relief in his Motion—that his counsel was "ineffective for not attempting to negotiate a plea with the government," Mot. at 4—before turning to Movant's objections to the Report and Recommendation's findings on whether his counsel's performance was deficient.

### A.  Principles Governing Ineffective Assistance of Counsel Claims.

To establish a claim of ineffective assistance of counsel, Movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "[A] petitioner's failure to establish either deficient performance or prejudice is fatal to a *Strickland* claim."  *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (citation omitted).

To prove deficiency, Movant must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms.  *Strickland*, 466 U.S. at 688.  Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  "[A]n attorney will not be held to have performed deficiently for failing to perform a futile act, one that would not have gotten his client any relief."  *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) (collecting cases).

To prove prejudice, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Counsel's failure to raise a meritless claim is not prejudicial under *Strickland*. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014).

"[C]laims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 566 U.S. 134, 140 (2012) (citation omitted). "Under that two-part test, a petitioner asserting a claim of ineffective assistance of counsel must demonstrate both deficient performance and prejudice—that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gissendaner v. Seaboldt*, 735 F.3d 1311, 1317 (11th Cir. 2013) (citation omitted).

In *Frye*, "the Court specifically held that counsel has a 'duty to communicate formal offers from the prosecution to accept a plea,' and that, in general, where such an offer is not communicated to the defendant, counsel '[does] not render the effective assistance the Constitution requires.'" *In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012) (quoting *Frye*, 566 U.S. at 145). The duty to communicate formal plea offers includes a "critical obligation . . . to advise the client of the advantages and disadvantages of a plea agreement." *Padilla v. Kentucky*, 559 U.S. 356, 370 (2010). Further, the failure to "broach the possibility of a plea agreement" may, in certain circumstances, constitute deficient performance. *See Carmichael v. United States*, 966 F.3d 1250, 1256, 1258 (11th Cir. 2020).

"Where a petitioner raises an ineffective assistance claim asserting that his counsel was deficient in plea discussions, to demonstrate prejudice he must show that, but for the ineffective assistance of counsel, a reasonable probability existed that: (1) the plea offer would have been

presented to the court (*i.e.* the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) the court would have accepted its terms; and (3) under the offer's terms, the conviction or sentence, or both, would have been less severe than under the judgment and sentence that were, in fact, imposed." *Id.* at 1259 (citations omitted).

### B. Application.

#### i. Deficiency.

In the Report and Recommendation, Magistrate Judge Louis first addressed whether Movant demonstrates that his counsel, Assistant Federal Public Defender Stewart Abrams, Esq., provided him with deficient representation by "never discussing the possibility of a plea with [Movant]." Mot. at 4. After summarizing the testimony of Movant and Mr. Abrams from the October 12, 2021 evidentiary hearing, *see* R&R at 3–5, Magistrate Judge Louis expressly found Movant's testimony not credible. *Id.* at 8. In support, Magistrate Judge Louis observed that Movant testified that his pleadings in this case, including his Motion to Vacate, were drafted by another inmate who prepared them "exclusively by reviewing the legal paperwork presented by Movant." *Id.* The Report and Recommendation notes that Movant speaks only Spanish and the inmate who prepared the instant Motion to Vacate on Movant's behalf speaks only English. *Id.* The Report and Recommendation further notes that Movant did not communicate to that inmate "any concern that Abrams failed to communicate a plea offer." *Id.* In addition, Movant testified that he wanted to fire Mr. Abrams because Mr. Abrams did not bring him a plea deal, however Movant further explained that he did not learn what a plea deal was until after he was remanded upon the imposition of his sentence. *Id.* at 4.

In contrast, Magistrate Judge Louis expressly found credible the testimony of Movant's

counsel, Mr. Abrams, pointing to Mr. Abrams's testimony regarding his "routine practice during the course of a career with the AFPD that spans approximately 38 years . . . that in every case he explains . . . the defendant's options regarding whether to exercise his right to trial or enter a plea instead." *Id.* at 9.  Magistrate Judge Louis noted that Movant's "unsupported factual allegations" levied against Mr. Abrams were incongruous with Mr. Abrams's specific efforts undertaken to investigate this case, which included repeated trips to Mexico to locate and depose exonerating witnesses.  *Id.* at 4, 9.  Magistrate Judge Louis observed that Movant's testimony "severely undermines the reliability of his allegations" in the Motion to Vacate.  *Id.* at 8.  Accordingly, Magistrate Judge Louis found that Movant failed to carry his burden of establishing that Mr. Abram's representation was deficient by failing to discuss the possibility of a plea .

In his Objections, Movant primarily appears to disagree with Magistrate Judge Louis's factual findings.  Movant first argues that it is uncontroverted that Mr. Abrams visited Movant "a limited number of times and for very short periods of time."  Objs. at 3.  Movant also asserts that Mr. Abrams did not have any written indication that he had discussed a plea deal with Movant, and Mr. Abrams did not send Movant any correspondence discussing the Federal Sentencing Guidelines or acceptance of responsibility for Movant to "digest" (notwithstanding that Movant does not speak English). *Id.* at 4.  Movant suggests that Mr. Abrams's reliance on his investigator to serve as an accurate interpreter in meetings with Movant was misplaced.  *Id.*  Last, Movant argues that, notwithstanding the fact that Movant speaks only Spanish and the inmate that prepared Movant's pleadings in this case speaks only English, "it does not take lengthy or detailed communication to convey that [Movant] would have taken a plea offer had one been conveyed to him." *Id.* at 5.

The Court will not discard Magistrate Judge Louis's factual findings, which are based on

her assessment of the credibility of Movant's and Mr. Abrams's testimony at the October 12, 2021 evidentiary hearing.  With respect to a magistrate judge's credibility findings, "a district court may not override essential, demeanor-intensive fact finding by a magistrate judge without hearing the evidence itself or citing an exceptional justification for discarding the magistrate judge's findings." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007).  "Rejecting credibility findings made by a magistrate judge without holding a new hearing is permissible only when there is an 'articulable basis for rejecting the magistrate's original resolution of credibility.'" *Id.* (citing *United States v. Marshall*, 609 F.2d 152, 155 (5th Cir. 1980)).  Movant advances no exceptional justification or articulable basis for discarding Magistrate Judge Louis's findings other than that he disagrees with those findings.  As the Court noted above, a party's objections are improper if they simply disagree with the magistrate judge's conclusions.  *Melillo*, 2018 WL 4258355, at *1.  In short, Magistrate Judge Louis found not credible Movant's testimony in support of his claim that his counsel was ineffective by failing to attempt to negotiate a plea agreement on Movant's behalf.  Accordingly, the Court agrees with Magistrate Judge Louis that Movant has failed to advance credible evidence substantiating the allegations in his Motion.

Movant has the burden of proof on his ineffective assistance of counsel claim, as well as the burden of proof under § 2255.  *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (collecting cases); *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012) (citation omitted).  It is not Mr. Abrams's or Respondent's burden to prove that Mr. Abrams's representation was not deficient; rather, it is Movant's burden to prove that Mr. Abram's representation was deficient.  Movant, who supports his claim with only his own non-credible testimony, has failed to satisfy his burden of proving that Mr. Abrams's failed to discuss the possibility of a plea offer with Movant, and thus that the representation was deficient.  *See also Chandler v. United States*, 218 F.3d 1305,

1315 n.15 (11th Cir. 2000) (quoting *Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999)) ("An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption [of competence].  Therefore, 'where the record is incomplete or unclear about counsel's actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment.'" (alterations incorporated)).  On this basis alone, the Court may deny Movant's Motion to Vacate.

Accordingly, Movant's Objections to the Report and Recommendation's findings on the deficiency prong of the *Strickland* analysis are overruled.

> ## ii.   Prejudice.

In the Report and Recommendation, Magistrate Judge Louis found that, even if Movant's counsel was deficient by failing to discuss the possibility of a plea with him, Movant has not carried his burden of demonstrating that he was prejudiced by counsel's alleged failure.  R&R at 10–12.  First, Magistrate Judge Louis found that Movant's bare assertion that he would have accepted a plea offer, made after the fact and without more, is not sufficient evidence to satisfy the prejudice prong of *Strickland*.  *Id.* at 10.  Second, Magistrate Judge Louis noted that Movant's claim that he would have accepted a plea offer was undercut by his testimony at the evidentiary hearing, where, similar to the underlying criminal proceedings, he maintained his steadfast innocence of the crimes charged.  *Id.* at 11.  Third, Magistrate Judge Louis found that Movant advanced no evidence that he would have received a lesser sentence if he had accepted a plea offer.  *Id.*  at 11–12.

In his Objections, Movant argues that the Report and Recommendation wrongly concludes that it is not clear that this Court would have imposed a lesser sentence had Movant accepted a plea offer.  Objs. at 2.  Movant asserts that "[i]t is without question that the district court would not have varied above the guidelines range upon a guilty plea if it did not vary upward after trial."

10

*Id.* Movant also takes issue with the Report and Recommendation denoting as a "bare assertion" his testimony that he would have accepted a plea offer. *Id.* In contrast, Movant argues that his testimony that he would have accepted a plea offer is unrebutted. *Id.* at 2–3.

The Court agrees with the findings of the Report and Recommendation. As noted above, "[w]here a petitioner raises an ineffective assistance claim asserting that his counsel was deficient in plea discussions, to demonstrate prejudice he must show that, but for the ineffective assistance of counsel, a reasonable probability existed that: (1) the plea offer would have been presented to the court (*i.e.* the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) the court would have accepted its terms; and (3) under the offer's terms, the conviction or sentence, or both, would have been less severe than under the judgment and sentence that were, in fact, imposed." *Carmichael*, 966 F.3d at 1259.

This Court is not convinced that Movant would have accepted a plea offer. The Court agrees with Magistrate Judge Louis that Movant's steadfast adherence to his innocence, both at the evidentiary hearing in these post-conviction proceedings, and prior to trial as per Mr. Abrams's testimony, R&R at 5, weighs against a finding that Movant would have accepted a plea offer:

> While Osley's denial of guilt surely is not dispositive on the question of whether he would have accepted the government's plea offer, it is nonetheless a relevant consideration. *See, e.g.*, *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) (noting that the defendant's assertion of innocence during and after trial undermined his contention that he would have accepted a plea deal); *Sanders v. United States*, 341 F.3d 720, 723 (8th Cir. 2003) (same); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (same); *United States v. Stevens*, 149 F.3d 747, 748 (8th Cir. 1998) (same). Indeed, Osley's ***insistence on his innocence, both before and after trial, makes it more difficult to accept his claim that he would have taken a fifteen-year plea deal***.

*Osley v. United States*, 751 F.3d 1214, 1224–25 (11th Cir. 2014). Further, as noted above, Magistrate Judge Louis found that Movant's testimony at the evidentiary hearing, at least in part, was not credible. R&R at 8. This Court has already found that Movant advances no exceptional

justification or articulable basis for discarding Magistrate Judge Louis's findings based on Movant's non-credible testimony in the context of whether Mr. Abrams's allegedly failed to communicate a plea offer or attempt to negotiate a plea offer; the Court likewise finds no reason to discard Magistrate Judge Louis's findings based on Movant's testimony adhering to his innocence. For these reasons, the Court finds that Movant has failed to demonstrate that he would have accepted a plea offer and, therefore, Movant cannot demonstrate prejudice.

Movant's Objections to the Report and Recommendation's findings on the prejudice prong of the *Strickland* analysis are overruled.

## IV.   CERTIFICATE OF APPEALABILITY

After careful consideration of the record in this case, the Court declines to issue a certificate of appealability ("COA"). A movant has no absolute entitlement to appeal a district court's final order denying his motion to vacate. Rather, to pursue an appeal, a movant must obtain a COA. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). Issuance of a COA is appropriate only if a litigant makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To do so, litigants must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Movant has not made a substantial showing of the denial of a constitutional right. Nor has Movant raised issues that reasonable jurists would find debatable. A certificate of appealability is not appropriate in this case.

## IV.   CONCLUSION

UPON CONSIDERATION of the Motion to Vacate pursuant to § 2255, Respondent's Response, Movant's Reply, the Report and Recommendation, Movant's Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED

AND ADJUDGED that Magistrate Judge Louis's Report and Recommendation (ECF No. 29) is ADOPTED, Movant's Objections (ECF No. 32) are OVERRULED, Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) is DENIED, and no Certificate of Appealability shall issue.   The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this _10th_ day of March, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:      All counsel of record